IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN W. GESSNER, ) | |
| ) | |
| Plaintiff ) | Civil No. 06-1061-HU |
| ) | |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

MARTIN L. ALVEY
140 S.W. Arthur Street
Suite 100
Portland, OR 97201

    Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

TERRYE E. SHEA
Special Assistant U.S. Attorney
Assistant Regional Counsel
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

HUBEL, Magistrate Judge:

Plaintiff John Gessner ("Gessner") seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c).

For the following reasons, I recommend the Commissioner's decision be AFFIRMED and the case dismissed.

## PROCEDURAL BACKGROUND

Born in 1951, Gessner obtained Bachelor's and Master's degrees in Agriculture and Veterinary Science. Tr. 75, 76.[1] Between 1986 and his 2003 application for benefits Gessner worked as a high school science teacher, swim instructor, and community college physical education instructor. Tr. 124.

The record indicates that Gessner filed previous benefit applications between 2001 and 2003. Tr. 32-50. Gessner presently applied for DIB on April 8, 2003, alleging disability since November 4, 2002, due to post acute [alcohol] withdrawal "with depression," and a fractured kneecap. Tr. 75, 77, 88. The Commissioner denied Gessner's application initially and upon reconsideration. Tr. 47-50, 53-55. A hearing was held before an Administrative Law Judge ("ALJ") on October 13, 2005. Tr. 604-672. On January 27, 2006, the ALJ issued a decision finding Gessner not disabled. Tr. 15-26. The Appeals Council denied Gessner's request for reconsideration and the ALJ's decision

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer (Docket #7).

2 - FINDINGS AND RECOMMENDATION

became final on May 26, 2006.  Tr.  7-8.

## MEDICAL BACKGROUND

The record shows that Gessner received inpatient treatment for acute and chronic alcoholism with gastrointestinal bleeding, liver failure, and concurrent depression in January and in March 2001.  Tr. 332-38, 343-44, 349-57.  Gessner attended outpatient alcoholism treatment between March and June 2001 and in March and April 2003.  Tr. 233-59, 322-24, 408-413.

In July 2001, examining psychiatrist Dr. Reznicek assessed major depression and alcohol abuse, "currently in remission."  Tr. 435-36.  Dr. Reznicek concluded, "I believe that Mr. Gessner is able to work and should be strongly encouraged to do so."  Tr. 436.  In April 2002, examining psychologist Dr. Emery assessed depression with alcohol dependence.  Tr. 295-98.  Gessner was again hospitalized for these problems in November 2002.  Tr. 418-21.  During this hospitalization Gessner's treating physician assessed depression with a "history of major depression," and alcohol dependance.  *Id.*  In March 2003, a treating physician again assessed depression, "probably recurrent major depressive disorder," alcohol dependence and alcohol withdrawal.  Tr. 414-17.

In January 2001, while hospitalized for acute alcoholism, Gessner fell and fractured his left kneecap.  Tr. 290-94, 330, 343, 348, 431.  In December 2001, surgeons performed arthroscopic surgery on Gessner's knee.  Tr. 433-434.

In March 2002, physicians assessed obstructive sleep apnea and moderate periodic limb movement. Tr. 430.  Finally, Gessner received bilateral hip replacements in August 2002 and November 2003.  Tr. 422, 500, 506-08.  In September 2004 Gessner's right hip replacement failed and Gessner had additional surgery.  Tr. 554-57.

3 - FINDINGS AND RECOMMENDATION

**DISABILITY ANALYSIS**

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment medically meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). This evaluation includes assessment of the claimant's statements regarding his impairments. 20 C.F.R. § 404.1545(a)(3). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 404.1520(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform his past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform his past relevant work, he is not disabled. If the ALJ finds that the claimant's RFC precludes performance of his past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f). If the claimant cannot perform such work, he is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

Gessner challenges the ALJ's evaluation of the evidence and her conclusion at step five that Gessner could perform work in the national economy.

## THE ALJ'S FINDINGS

The ALJ found Gessner's alcoholism, history of bilateral hip replacements and left knee arthroscopy, and sleep apnea "severe" impairments at step two in the sequential proceedings. Tr. 25. At step three, the ALJ found that Gessner's impairments did not medically meet or equal a listed impairment. *Id.* The ALJ assessed Gessner's RFC:

> The claimant retains the residual functional capacity to lift 20 to 30 pounds occasionally. He can stand and walk 2 to 3 hours in an 8-hour workday; he can sit for 6-hours [sic] in an 8-hour workday, and can occasionally climb, kneel, crouch, or crawl (Exhibits 8F and 2F, and claimant's testimony). He can do simple and detailed tasks not involving much social interaction (Exhibits 7F; 12F/184). Without the use of alcohol, he has less social limitations and more ability to do detailed tasks (Exhibits 13F; 7F/75).

*Id.* At step four, the ALJ found that this RFC did not allow Gessner to perform his past relevant

5 - FINDINGS AND RECOMMENDATION

work. *Id.* Drawing upon a vocational expert's testimony, the ALJ subsequently found that Gessner could perform work in the national economy as a general office clerk, or small products assembler as examples of this work. Tr. 24-25. The ALJ therefore found Gessner not disabled.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F3d 1190, 1193 (9th Cir 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, __ F.3d __ (2007 WL 2874403) at *5 (9th Cir October 5, 2007)(citing *Reddick v. Chater*, 157 F3d 715, 720 (9th Cir 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robins v. Social Security Administration*, 466 F3d 880, 882 (9th Cir 2006)), *see also Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes v. Bowen*, 881 F2d 747, 750 (9th Cir 1989); *see also Batson*, 359 F3d at 1193.

## DISCUSSION

Gessner contends that the ALJ's RFC assessment fails to consider his depression with suicidal ideation, the effects of his hip impairment, and his reports of pain.

**I.** **Medical Source Statements**

Gessner challenges the ALJ's analysis of his depression and his history of bilateral hip replacements. Gessner specifically alleges that the ALJ failed to account for his depression in its entirety and that the ALJ's RFC assessment failed to explicitly cite Gessner's hip replacement

surgeries.  Pl. Opening Br. 5, 7.

### a. Depression

The ALJ found Gessner's depression "severe," but noted found it "largely associated with alcohol use, but with residual symptoms continuing."  Tr. 17.  The ALJ's analysis cited Gessner's suicidal ideation and examining psychologist Dr. Emery's conclusion that his "ability to engage, initiate, or involve himself in social activities . . . was limited."  Tr. 18.  The ALJ noted that Dr. Emery found that Gessner exhibited no cognitive difficulties.  *Id.*  The ALJ also cited Gessner's March 2003 hospitalization for intoxication with concurrent "severe suicidal ideation," and noted treating psychiatrist Dr. Cone's opinion that Gessner's "depression is difficult at times to separate from his alcohol use.  His depressive symptoms 'seemed to have been more of an issue when he was intoxicated.'"  Tr. 18 *citing* exhibit 13F/216-217.  Finally, the ALJ discussed Gessner's presentation at a psychiatric evaluation in September 2003 where he appeared disheveled and unshaven with psychomotor agitation.  *Id.*

Gessner contends the ALJ failed to "incorporate the multiple medical limitations that the Plaintiff suffers from his chronic severe depression with suicidal ideation."  Pl. Opening Br. 5.

The ALJ discussed Gessner's depression and suicidal ideation in detail, and limited his RFC to tasks "not involving much social interaction."  Tr. 17-18, 25.  Gessner's citation to his anhedonic personality does not identify work-related limitations attributed to depression or suicidal ideation omitted by the ALJ.  His submission that the ALJ failed to adequately consider his depression is not supported by the record.  The ALJ's analysis of Gessner's depression should be sustained.

///

7 - FINDINGS AND RECOMMENDATION

      **b.**      **Hip Impairments**

Gessner also claims the ALJ's RFC assessment failed to cite his bilateral hip replacements. Pl. Opening Br. 7. Gessner cites no residual limitations arising from this surgical history. Furthermore, Gessner did not claim any hip impairment in his initial disability application. Tr. 88. He now contends the ALJ failed to develop the record.

The ALJ's duty to develop the record is triggered when evidence is insufficient or when ambiguities arise. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005), *Armstrong v. Commissioner*, 160 F.3d 587, 590 (9th Cir. 1998). Here, the record clearly documents Gessner's hip replacement surgeries, complications, and recovery. Tr. 224, 422, 500, 506-08, 554-57. The record shows no suggestion of permanent limitations arising from these procedures. *Id.* When the claimant makes no claim of a disability due to a specific impairment and there is no evidence to support it in the record, there is nothing for the ALJ to develop. Gessner's suggestion therefore fails.

**II.**      **Gessner's Credibility**

Gessner alleges that the ALJ "erred in failing to consider the effect of pain in determination of disability." Pl. Opening Br. 6. Gessner does not articulate what impairment caused pain, but the record suggests Gessner experienced pain for some period of time following his hip replacements and knee surgeries. Gessner points to no evidence in the record supporting his assertion and makes no argument regarding the ALJ's credibility assessment. However, this court will construe Gessner's assertion that the ALJ failed to evaluate his unspecified pain as a challenge to Gessner's testimony regarding pain stemming from his hip and knee surgeries. Gessner does not challenge the ALJ's remaining credibility findings regarding his nonexertional

impairments.

The ALJ found Gessner's "allegations regarding his limitations . . . not totally credible." Tr. 25. The ALJ cited Gessner's daily activity reports, failure to follow physician advice to cease smoking and drinking, and contradictions in Gessner's testimony regarding his alcohol use. Tr. 22.

    a.    **Credibility Analysis**

The ALJ must evaluate a claimant's credibility in order to properly consider the claimant's testimony regarding symptoms and pain. Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" the ALJ must provide "clear and convincing" reasons for finding a claimant's symptom testimony not credible. *Lingenfelter* at *6 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Here the ALJ must make specific findings supporting his conclusion that the claimant's allegations of symptom severity are not credible. *Bunnell*, 947 F.2d at 345.

    b.    **Discussion**

In October 2003 Gessner submitted that he experienced aching pain in his right hip and knee. Tr. 191. He stated that this pain occurred when "moving and on my feet" or after prolonged sitting. *Id.* Gessner also stated that he can be "up and active" ten to twenty minutes before using a cane, cannot bear weight on his hip and leg, and is limited in lifting. Tr. 192. Gessner finally stated that he can walk forty to fifty feet without rest. Tr. 193.

Gessner subsequently testified at his October 2005 hearing that "I am not to do anything like stair climbing or ladder climbing," that he should not lift more than fifty pounds due to his hip replacements, and that he can stand for one hour periods, but requires frequent rest. Tr. Tr.

612-13.  Gessner said he believed he could stand two or three hours in the course of an eight hour day and walk an hour or an hour and a half.  Tr. 613.  Regarding his knee, Gessner said "it doesn't pain me, but it still limits my movement," but added, "kneeling is a problem because . . . that is when it does hurt."  Tr. 643.

The ALJ did not discuss Gessner's testimony regarding his hips and knee.  However, the ALJ's RFC limited Gessner to lifting 20 to 30 pounds occasionally and standing or walking two to three hours in an eight hour workday.  Tr. 25.  This limitation indicates that the ALJ credited Gessner's testimony regarding lifting, standing, and walking.  Gessner's submission that the ALJ disregarded his hip pain testimony fails.

The ALJ's RFC assessment also included reference to occasional climbing, kneeling, crouching, or crawling.  Tr. 25.  This assessment contradicts Gessner's testimony regarding his knees.  However, the vocational expert testified that Gessner could work as an office clerk or small products assembler.  Tr. 666-68.  The vocational expert stated that her testimony was consistent with the *Dictionary of Occupational Titles* ("*DOT*").  Tr. 663.  The *DOT* does not indicate that the identified jobs require climbing, kneeling, crouching, or crawling.  *Dictionary of Occupational Titles*, *available at* http://www.occupationalinfo.org (last visited November 16, 2007).  Although the ALJ's RFC assessment contradicts Gessner's testimony that he cannot kneel, the jobs identified by the vocational expert, and subsequently the ALJ, are consistent with Gessner's testimony.  Crediting Gessner's testimony regarding his knee is unnecessary because the ALJ's failure to properly discredit this testimony is ultimately non-prejudicial to Gessner.  *Stout v. Barnhart*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (*citing Batson*, 359 F.3d at 1195-97).

///

10 - FINDINGS AND RECOMMENDATION

## CONCLUSION

In summary, this court finds the record supports the ALJ's finding that Gessner did not suffer from a disabling condition. The ALJ appropriately considered the medical evidence and Gessner's testimony, except as noted. Gessner additionally fails to show that the ALJ's overall step five finding, based upon substantiated vocational testimony, was erroneous. The ALJ appropriately found Gessner could do work existing in the national economy, including work as a general office clerk or small products assembler. Tr. 26.

## RECOMMENDATION

The Commissioner's decision that Gessner is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and supported by substantial evidence. I recommend the Commissioner's decision be affirmed.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 4, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due December 18, 2007, and the review of the Findings and Recommendation will go under advisement with the District Judge on that date.

IT IS SO ORDERED.

DATED this 19th day of November, 2007.

> **/s/ Dennis James Hubel**
> Dennis James Hubel
> United States Magistrate Judge